Spring  Term
1839.

TROVER.                    Peck *vs.* Inlow.

[Mr. Owsley and Mr. Hord for appellant: Messrs. Payne and Waller for appellee.]

FROM THE CIRCUIT COURT FOR FLEMING COUNTY.

*June 12.*     Judge EWING delivered the Opinion of the Court.

The exclusion of evidence which could have had no effect beneficial to the party offering it, is no ground for a reversal—though it was excluded for a wrong reason.

Where an officer levies upon movable property, &, tho' apprised of a mortgage upon it, sells the absolute title, he has no right to require of the purchaser, a bond, such as the purchaser of an equity of redemption is required to give.

The sale by the officer, and his consent to the removal, is sufficient evidence of the conversion by him.

A *mortgagee of property which an officer has seized and sold* as the property of the mortgagor, may maintain an action against the officer, or may, at his election, pursue the property in the hands of the purchaser: as no title passes by the sale, till it vests in the purchaser in consequence of the recovery of damages for the con-

D. W. McINTIRE executed a mortgage to Inlow, on various articles of goods in his possession, to secure the payment of two notes, which Inlow held on him, amounting in the aggregate, to two hundred and forty two dollars fifty cents. Judgments were afterwards recovered against McIntire, in favor of several persons, and executions taken out thereon, and placed in the hands of Peck, as deputy sheriff, who levied the same on the property mortgaged.

On the day of sale, Inlow attended with his mortgage and exhibited the same to the deputy, and required him to sell subject to it.

The plaintiffs in the execution also attended, with their lawyer, and upon consultation, they instructed him to sell the property absolutely, without regard to the mortgage—promising to indemnify him. He did sell the absolute estate, and deliver the articles sold to the purchasers. This suit in trover was brought by Inlow against Peck, the deputy, and some of the purchasers at the sale, who were the plaintiffs in the execution, and judgment recovered against Peck for the aggregate amount of the mortgage debt, *it being less than the value of the goods sold*; and a motion for a new trial having been overruled, Peck has brought the case to this Court.

Several opinions of the lower Court, given in the progress of the trial, in excluding evidence, and in instructions to the jury, are questioned. Without enumerating them, we would remark that, though the reason assigned for the rejection of McDonald's testimony was not good, the rejected testimony tended in no degree to prove fraud in the execution of the mortgage deed, nor any

Spring Term
1839.

Peck
vs
Inlow.

thing else which could have been available to the defendant below, and he could not, therefore, have been prejudiced by its exclusion.

The mortgage being valid—and nothing has been shown in this cause to establish its invalidity—the sale, of the absolute estate without regard to the mortgage was most obviously improper.

Peck, the deputy, having made the sale in that form under the instructions of the plaintiffs in the executions and their promise to indemnify him, and with the object of passing the absolute title, no obligation, by the manner and terms of sale, or interest sold, rested on the purchasers to execute the bond, required by the statute as purchasers of the mortgagor's interest only; nor had the officer a right to exact bonds from them. From the terms of the sale and interest sold and delivery of possession to the purchasers, the officer's assent to their removal of the property may be implied.

Besides: it is proven that, by his knowledge and consent, many of the articles sold were removed on the same day, without any attempt to take a bond, and others were removed a few days afterwards, and those that were not taken away before this suit was brought, were claimed by the purchasers as absolute owners, having the right and exercising the sole dominion over them as such.

These facts, in our judgment, sufficiently establish a conversion by the officer, as to all the goods sold. The plaintiff, as mortgagee and *legal* owner, had therefore a right to his action against him, and a right to recover, at least the amount of his mortgage debt. Indeed it may be questioned whether he, as the *legal* claimant had not a right to recover at law the full value of the articles converted, without limiting him to the amount of his mortgage debt—leaving a court of chancery to regulate and restrict him, to the amount of his lien. But this question need not be settled in this case, as he has recovered only the amount of his debt, which he had the unquestionable right to recover.

The argument that, as nothing could *pass* by the sale but the interest of the mortgagor, no action would lie,

vɪɪɪ. 25

*Marginal note:* version. The measure of damages which a mortgagee may recover, for a conversion of the property—as where a sheriff levies on, and sells, it for the mortgagor's debt is at least the amount of the mortgage debt, (the value of the property exceeding it;) and perhaps he should, as the legal owner, recover the full value of the property, subject to be restricted to the amount of his lien by a ct, of equity.

Spring Term
1839.

is not solid. For if A's horse be sold to pay the debt of B, the title of A to the horse does not pass; yet, A may sue the officer for the conversion, and if he recover, he affirms the title in the purchaser; or he may waive the conversion, and sue the purchaser for the horse. So when an officer sells the absolute title in personal estate, when such estate is under mortgage, and cannot be sold absolutely, the mortgagee, at his election, may sue him for the conversion, or pursue the property in the hands of the purchaser.

There being no opinion expressed by the Circuit Court, prejudicial to the defendant below, inconsistent with the above views, the judgment is affirmed with costs.

